**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Mashal Sherzad,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Melinda Pettigrew, Thai Nguyen, Timothy Beebe, Rachel Croson, John Doe (whose true name is unknown) Jane Roe (whose true name is unknown), and University of Minnesota,<br><br>　　　　Defendants. | No. 24-cv-1739-ADM-DLM<br><br>**DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

For their Answer to Plaintiff's First Amended Complaint, Defendants Regents of the University of Minnesota (incorrectly named in the caption as "University of Minnesota," and hereinafter, "the University"), Melinda Pettigrew, Thai Nguyen, Timothy Beebe, Rachel Croson, "John Doe," and "Jane Roe" (collectively, "Defendants"), admit, deny, and allege as follows:

Unless expressly admitted or otherwise qualified, Defendants deny each and every allegation in Plaintiff's First Amended Complaint (hereafter, "Complaint").

**I.　　INTRODUCTION**

1.　　In response to Paragraph 1 of the Complaint, Defendants admit that Plaintiff was terminated from her employment at the University because of certain materials she posted on social media. The remaining allegations in Paragraph 1 of the Complaint constitute the Plaintiff's characterization of her own actions or are legal

conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations. Defendants further affirmatively state that, although University employees' speech is generally entitled to First Amendment protection, that protection does not extend to all speech activities, including but not limited to those that impair the University's ability to fulfill its mission or that impair the employee's ability to perform their job.

## II.   PARTIES

2. In response to Paragraph 2 of the Complaint, Defendants admit that, when Plaintiff was employed by the University, her place of employment was located in Hennepin County, Minnesota. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and therefore deny those allegations.

3. In response to Paragraph 3 of the Complaint, Defendants admit that Melinda Pettigrew is the Dean of the University's School of Public Health, which is located in Hennepin County, Minnesota. By way of further response, Defendants affirmatively state that Defendant Pettigrew has served as Dean since December 2023. The remaining allegations in Paragraph 3 of the Complaint state legal conclusions to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegations.

4. In response to Paragraph 4 of the Complaint, Defendants admit that Thai Nguyen is the Director of Human Resources of the University's School of Public Health, which is located in Hennepin County, Minnesota. The remaining allegations in Paragraph

4 of the Complaint state legal conclusions to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegations.

5. In response to Paragraph 5 of the Complaint, Defendants admit that Timothy Beebe was the Interim Dean of the University's School of Public Health, which is located in Hennepin County, Minnesota. By way of further response, Defendants affirmatively state that Defendant Beebe served as Interim Dean from February 1, 2022, to December 28, 2023. The remaining allegations in Paragraph 5 of the Complaint state legal conclusions to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegations.

6. In response to Paragraph 6 of the Complaint, Defendants admit that Rachel Croson is the Executive Vice President and Provost of the University of Minnesota, which is located in Hennepin County, Minnesota. By way of further response, Defendants affirmatively state that Defendant Croson has served as Executive Vice President and Provost since March 30, 2020. The remaining allegations in Paragraph 6 of the Complaint state legal conclusions to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegations.

7. In response to Paragraph 7 of the Complaint, Defendants deny that any unidentified University employees are legally responsible for the conduct alleged in Plaintiff's Complaint. The remaining allegations in Paragraph 7 of the Complaint state legal conclusions to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegations.

8.     In response to Paragraph 8 of the Complaint, Defendants deny that any unidentified University employees are legally responsible for the conduct alleged in Plaintiff's Complaint. The remaining allegations in Paragraph 8 of the Complaint state legal conclusions to which no response is required; to the extent a response is deemed necessary, Defendants deny the allegations.

9.     In response to Paragraph 9 of the Complaint, Defendants affirmatively state that the University of Minnesota is an institution of higher education established by the Territorial Laws of the State of Minnesota and perpetuated by the Minnesota Constitution as a constitutional corporation. The University has its principal place of business at 600 McNamara Alumni Center, 200 Oak Street S.E., Minneapolis, Minnesota, which is located in Hennepin County. Regents of the University of Minnesota is the governing body of the University and is the legal entity capable of suing and being sued.

### III.   FACTS

10.    Defendants admit the allegations in Paragraph 10 of the Complaint.

11.    Defendants admit the allegations in Paragraph 11 of the Complaint.

12.    In response to Paragraph 12 of the Complaint, Defendants admit that Plaintiff made posts on social media. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint and therefore deny those allegations.

13.    In response to Paragraph 13 of the Complaint, Defendants admit that Plaintiff's social media posts included photographs that purport to show Plaintiff at a demonstration in Barcelona, Spain. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint and therefore deny those allegations.

14. In response to Paragraph 14 of the Complaint, Defendants admit that no University employee made a formal complaint through official University channels regarding Plaintiff's social media posts. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint, and therefore deny those allegations.

15. In response to Paragraph 15 of the Complaint, Defendants state that the December 11, 2023 email is a document that speaks for itself, and Defendants deny the allegations in Paragraph 15 to the extent they are inconsistent with that document. By way of further response, Defendants affirmatively state that the photograph described in Paragraph 15 speaks for itself, and to the extent Plaintiff alleges that the red swastikas painted on the Israeli flag depicted in that photograph were "small," Defendants deny that allegation. A true and correct copy of the photograph described in Paragraph 15 is attached hereto as Exhibit 1.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore deny those allegations. By way of further response, Defendants affirmatively state that the sender of the December 11, 2023 email identified themself by a name that does not appear to belong to any current University of Minnesota employee or student.

17. In response to Paragraph 17 of the Complaint, Defendants admit that Plaintiff met with her supervisor regarding Plaintiff's social media posts. Defendants

5

further state that the supervisor's email summarizing that meeting is a document that speaks for itself, and Defendants deny the allegations in Paragraph 17 to the extent they are inconsistent with that document.

18. Defendants admit the allegations in Paragraph 18 of the Complaint.

19. In response to Paragraph 19 of the Complaint, Defendants state that Defendant Nguyen's December 12, 2023 email is a document that speaks for itself, and Defendants deny any allegations in Paragraph 19 to the extent they are inconsistent with the content of that December 12, 2023 email.

20. In response to Paragraph 20 of the Complaint, Defendants state that the referenced correspondence from Defendant Nguyen to Plaintiff speaks for itself, and Defendants deny any allegations in Paragraph 20 to the extent they are inconsistent with the content of that correspondence.

21. In response to Paragraph 21 of the Complaint, Defendants admit that Defendant Nguyen and another University human resources employee interviewed Plaintiff on December 20, 2023. The remaining allegations in Paragraph 21 of the Complaint constitute the Plaintiff's characterization of her own actions; Defendants lack knowledge or information sufficient to form a belief as to those allegations and therefore deny them.

22. In response to Paragraphs 22 through 25 of the Complaint, Defendants affirmatively state that the December 20, 2023 meeting between Plaintiff, Defendant Nguyen, and another University human resources employee was recorded. Defendants further state that the recording of that meeting speaks for itself, and Defendants deny any

allegations in Paragraphs 22 through 25 of the Complaint to the extent they are inconsistent with the contents of that recording.

23.  Paragraph 26 of the Complaint constitutes the Plaintiff's characterization of her own actions and are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations. By way of further response, Defendants affirmatively state that the photograph described in Paragraph 26 of the Complaint speaks for itself, and Defendants deny the allegations in Paragraph 26 to the extent they are inconsistent with the contents of that photograph. A true and correct copy of that photograph is attached as Exhibit 1 hereto.

24.  Paragraph 27 of the Complaint comprises legal conclusions and references to documents from the International Court of Justice to which no response is required. To the extent a response is deemed necessary, Defendants state that the referenced documents speak for themselves and otherwise deny the allegations in Paragraph 27 of the Complaint.

25.  Paragraph 28 of the Complaint comprises references to news and opinion articles; Defendants state that the referenced documents speak for themselves, and to the extent the allegations in Paragraph 28 are inconsistent with those documents, Defendants deny them. Defendants further deny any remaining allegations in Paragraph 28.

26.  In response to Paragraph 29 of the Complaint, Defendants affirmatively state that the December 20, 2023 meeting between Plaintiff, Defendant Nguyen, and another University human resources employee was recorded. Defendants further state that the recording of that meeting speaks for itself, and Defendants deny any allegations

in Paragraph 29 of the Complaint to the extent they are inconsistent with the contents of that recording. By way of further response, Defendants affirmatively state that the Dean of the School of Public Health is the University official with delegated authority to make hiring and firing decisions regarding the position Plaintiff held.

27.     In response to Paragraph 30 of the Complaint, Defendants admit that the University received letters in support of Plaintiff. By way of further response, Defendants affirmatively state that in response to the University's investigation of Plaintiff's conduct, the University received five character-reference emails—two from University employees and three from Plaintiff's friends—as well as an email in support of Plaintiff from a group identifying itself as "UMN Faculty, Librarians, Alumni, Graduate Students, and Staff for Justice in Palestine."

28.     In response to Paragraph 31 of the Complaint, Defendants state that Defendant Beebe's December 27, 2023 email is a document that speaks for itself, and to the extent the allegations in Paragraph 31 are inconsistent with that document, Defendants deny them.

29.     Defendants admit the allegations in Paragraph 32 of the Complaint. By way of further response, Defendants affirmatively state that the Dean of the School of Public Health is the University official with delegated authority to make hiring and firing decisions regarding the position Plaintiff held.

30.     In response to Paragraph 33 of the Complaint, Defendants state that the January 10, 2024 emails referenced in Paragraph 33 are documents that speak for themselves, and to the extent the allegations are inconsistent with those documents,

Defendants deny them. By way of further response, Defendants admit the allegation in Paragraph 33 of the Complaint that Plaintiff was not given the option to resign.

31. Defendants admit the allegation in Paragraph 34 of the Complaint that Defendants Pettigrew and Nguyen met with Plaintiff via Zoom on January 12, 2024, but deny the remaining allegations in Paragraph 34 of the Complaint.

32. Defendants admit the allegation in Paragraph 35 of the Complaint that, during their January 12, 2024 meeting, Defendants Pettigrew and Nguyen informed Plaintiff that her University employment was being terminated. Defendants deny the remaining allegations in Paragraph 35 of the Complaint.

33. Defendants deny the allegations in Paragraph 36 of the Complaint. By way of further response, Defendants affirmatively state that the Dean of the School of Public Health is the University official with delegated authority to make hiring and firing decisions regarding the position Plaintiff held.

34. Defendants admit the allegations in Paragraph 37 of the Complaint that Plaintiff was presented with a formal letter of termination on January 12, 2024, that was signed by Defendant Pettigrew. Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

35. In response to Paragraphs 38 through 40 of the Complaint, Defendants state that the January 10, 2024 termination letter speaks for itself, and Defendants deny the allegations in Paragraphs 38 through 40 to the extent they are inconsistent with the contents of the termination letter. By way of further response, Defendants affirmatively state that a true and correct copy of the termination letter is attached hereto as Exhibit 2.

36. Paragraph 41 of the Complaint comprises legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations.

37. In response to Paragraph 42 of the Complaint, Defendants state that they expect that there are University employees of all backgrounds who express political opinions outside the workplace and are not disciplined for doing so. By way of further response, to the extent the allegations in Paragraph 42 are intended to imply that the conduct that led to the termination of Plaintiff's employment was a mere expression of political opinion, Defendants deny that allegation. Defendants also deny any allegation that other University employees engaged in the same conduct as Plaintiff but were treated differently. Defendants further affirmatively state that, although University employees' speech is generally entitled to First Amendment protection, that protection does not extend to all speech activities, including but not limited to those that impair the University's ability to fulfill its mission or that impair the employee's ability to perform their job.

38. Defendants deny the allegations in Paragraph 43 of the Complaint.

### IV.   CAUSES OF ACTION

39. In response to Paragraph 44 of the Complaint, Defendants incorporate by reference their responses to each and every paragraph of the Complaint.

### COUNT 1 - VIOLATION OF 42 U.S.C. § 1983 - FIRST AMENDMENT- FREE SPEECH

40. Defendants deny the allegations in Paragraph 45 of the Complaint.

## COUNT 2 - VIOLATIONS OF 42 U.S.C. § 1983 - FOURTEENTH AMENDMENT- EQUAL PROTECTION

41. Defendants deny the allegations in Paragraph 46 of the Complaint.

## COUNT 3 - VIOLATIONS OF 42 U.S.C. § 1983 - CONSPIRACY

42. Defendants deny the allegations in Paragraph 47 of the Complaint.

## COUNT 4 - VIOLATIONS OF 42 U.S.C. § 1981 - DISCRIMINATION

43. Defendants deny the allegations in Paragraph 48 of the Complaint.

## COUNT 5 - VIOLATIONS OF MINNESOTA HUMAN RIGHTS ACT

44. Defendants deny the allegations in Paragraph 49 of the Complaint.

45. Defendants deny the allegations in Paragraph 50 of the Complaint.

## DEMANDS FOR RELIEF

46. As to Section V., paragraphs 1 through 7 of the Complaint, Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred because Defendants' policies, practices, and decisions with respect to Plaintiff were at all times based on legitimate, non-discriminatory factors.

2. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, unclean hands, waiver, and laches.

3. Plaintiff claims are barred in whole or in part because Plaintiff failed to exhaust corrective opportunities made available to her.

4.     Plaintiff's claims are barred in whole or in part because Defendants took no adverse employment action against Plaintiff based upon any alleged protected class status.

5.     Plaintiff's claims are barred for failure to state a claim upon which relief may be granted.

6.     Plaintiff's claims are barred in whole or in part because no similarly situated employee was treated more favorably than was Plaintiff.

7.     Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate alleged damages or injuries, if any.

8.     Plaintiff's claims are barred in whole or in part because Plaintiff suffered no adverse action.

9.     Plaintiff's claims are barred because in whole or in part there is no causal connection between Plaintiff's protected activity (if any) or protected class, and any adverse action (if any), term and condition of employment, or employment actions or decisions.

10.     Plaintiff's claims are barred in whole or in part by failure of conditions precedent.

11.     Plaintiff's claims are barred in whole or in part because Defendants' actions with respect to Plaintiff were at all times reasonable, undertaken in good faith, and consistent with applicable statutes and enforceable regulations.

12.     As a separate alternative affirmative defense to Plaintiff's Complaint, Defendants allege that the claims contained in Plaintiff's Complaint may be barred by

any or all of the affirmative defenses contemplated by the Federal Rules of Civil Procedure.

13. The extent to which Plaintiff's claims may be barred by one or more of said defenses, not specifically set out above, cannot be determined until Defendants have had an opportunity to complete discovery. Therefore, Defendants incorporate all said affirmative defenses as if fully set forth herein.

**WHEREFORE**, Defendants pray that Plaintiff take nothing against them; that Defendants be awarded their costs and disbursements, together with such other relief as the Court deems appropriate; and that Plaintiff's Complaint be dismissed with prejudice and judgment be entered against Plaintiff and in favor of Defendants accordingly.

Dated: October 21, 2024

DOUGLAS R. PETERSON
General Counsel
University of Minnesota

By *s/Lisa L. Beane*
Lisa L. Beane (#395219)
Senior Associate General Counsel
bean0040@umn.edu
Brent P. Benrud (#262128)
Senior Associate General Counsel
benr0001@umn.edu
360 McNamara Alumni Center
200 Oak Street, SE
Minneapolis, MN 55455-2006
612-624-4100

Attorneys for Defendants