**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| Mashal Sherzad, | |
| *Plaintiff,* | |
| v. | Case No. 24-cv-1739 (ADM/DLM) |
| Melinda Pettigrew, Thai Nguyen, Timothy Beebe, Rachel Croson, John Doe (whose true name is unknown), Jane Roe (whose true name is unknown), and University of Minnesota, | |
| *Defendants.* | |

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
IN SUPPORT OF PLAINTIFF**

The Foundation for Individual Rights in Education (FIRE) moves for leave to file an *amicus curiae* brief in support of Plaintiff Mashal Sherzad in the above-captioned case. FIRE states the following in support of this motion:

1.     Proposed *amicus* FIRE is a nonpartisan nonprofit that defends the rights of all Americans to free speech and free thought—the essential qualities of liberty.

1

2.     Since 1999, FIRE has successfully defended First Amendment rights on college campuses nationwide through public advocacy, targeted litigation, and *amicus curiae* filings in cases that implicate expressive rights. *See, e.g.*, *Texas A&M Queer Empowerment Council v. Mahomes*, 2025 WL 895836 (N.D. Tex. Mar. 24, 2025); *Novoa v. Diaz*, No. 4:22-cv-324, ECF No. 44 (N.D. Fla., Nov. 17, 2022), *pending appeal sub nom.*, *Novoa v. Comm'r of Fla. State Bd. of Educ.*, No. 22-13994 (11th Cir. argued June 14, 2024); Brief of *Amicus Curiae* FIRE, *Univ. at Buffalo Young Ams. for Freedom v. Univ. at Buffalo Student Assoc., Inc.*, No. 25-140 (2d Cir.)); Brief of *Amici Curiae, Students for Justice in Palestine v. Bd. of Regents of the Univ. Sys. of Md.*, No. 8:24-cv-02683 (D. Md.).

3.     In June 2022, FIRE expanded its advocacy beyond the university setting and now defends First Amendment rights both on campus and in society at large. In lawsuits across the United States, FIRE works to vindicate First Amendment rights without regard to speakers' views. *See, e.g.*, Brief of *Amici Curiae, Khalil v. Trump*, No. 2:25-cv-01963 (D.N.J.); *Trump v. Selzer*, No. 4:24-cv-449 (S.D. Iowa, filed Dec. 17, 2024); *Volokh v. James*, No. 23-356 (2d Cir. argued Feb. 16, 2024).

4.    FIRE reached out to the parties to inquire whether they would consent to the leave to file as *amicus* that this motion seeks, and Plaintiff Sherzad did so. Defendants, however, stated they oppose FIRE's request, in contrast to the general practice of parties typically consenting to public interest organizations seeking to file *amicus* briefs. *See, e.g., Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 130–133 (3d Cir. 2002) (Alito, J., in chambers) (rejecting precedent imposing criteria for *amicus* participation inconsistent with Rule 29 and its goals, noting a "restrictive policy with respect to granting leave" may raise a "perception of viewpoint discrimination" or "convey an unfortunate message about the openness of the court").[1]

5.    As detailed in the proposed brief, *amicus* FIRE has a strong interest in the outcome of this case because its significance extends beyond the University of Minnesota's termination of Ms. Sherzad's employment in violation of her First Amendment right to speak as a citizen on matters of public concern. FIRE's interest is especially strong

---

[1] Defendants' position also swims upstream of the current trend of courts—including the Supreme Court—abandoning consent and motion for leave requirements. *See* Mem. to Those Intending to File an *Amicus Curiae* Br. in the Supreme Court of the United States, https://www.supremecourt.gov/casehand/AmicusGuide2023.pdf (announcing that the rules "effective January 1, 2023, no longer require consent in order to file an *amicus curiae* brief").

given the University terminated Ms. Sherzad without any evidence the speech cited as the reason for termination disrupted the workplace or interfered with Ms. Sherzad's ability to perform her job duties.

6.     FIRE has a direct interest in this case as it frequently advocates on behalf of public university employees who have suffered retaliation for exercising their First Amendment rights on social media. *See, e.g., Jones v. Matkin*, 623 F. Supp. 3d 774, 790 (E.D. Tex. 2022); University of Southern California: Anti-Hamas Speech on Campus Punished, https://www.thefire.org/cases/university-southern-california-anti-hamas-speech-campus-punished.

7.     Public employers often engage in viewpoint discrimination to punish public employees who comment as citizens on matters of public concern without disrupting their workplaces. FIRE frequently represents such public employees or engages in advocacy on their behalf via *amicus* filings.

8.     If this Court grants summary judgment to the University, it will encourage other public employers to similarly rely on vague reasons to sanction employees without specific evidence of actual or reasonably forecast disruption of the workplace directly attributable to the

employee's speech. This case therefore could cast a chilling pall over the speech rights of other public employees, including those FIRE represents.

9.     Because *amicus* FIRE has extensive experience defending public employees' civil liberties in higher education, the *amicus curiae* brief would benefit the Court's understanding of the effect that the issues presented in this case have beyond the outcome for the parties. *Amicus* is uniquely positioned to assist the Court by providing an informed perspective and specific information, beyond what the parties can provide, on the potential effect of a ruling granting summary judgment to Defendants on this record.

WHEREFORE, FIRE respectfully request that this Court grant its Motion for Leave to File *Amicus Curiae* Brief in Support of Plaintiff Mashal Sherzad.

Dated: April 4, 2025                    Respectfully submitted,

                                       /s/ Matthew Kezhaya
                                       Matt Kezhaya
                                       Kezhaya Law PLC
                                       150 S. Fifth St., Suite 1850
                                       Minneapolis, MN 55402
                                       (612) 276-2216
                                       matt@kezhaya.law

Of counsel:

Arleigh P. Helfer
FOUNDATION FOR INDIVIDUAL
  RIGHTS AND EXPRESSION
510 Walnut Street, Suite 900
Philadelphia, PA 19106
(215) 717-3473 x325
arleigh.helfer@thefire.org