# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mashal Sherzad,<br><br>   Plaintiff,<br><br>vs.<br><br>Melinda Pettigrew, Thai Nguyen, Timothy Beebe, Rachel Croson, John Doe (whose true name is unknown) Jane Roe (whose true name is unknown), and University of Minnesota,<br><br>   Defendants. | No. 24-cv-1739-ADM-DLM<br><br>**JOINT MOTION REGARDING CONTINUED SEALING** |

Documents have been filed under temporary seal in connection with the following motion:

   Motion for Summary Judgment     Doc. No. 47

Pursuant to LR 5.6, the parties submit this Joint Motion Regarding Continued Sealing.

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | PRECISELY IDENTIFY: a) The information that the parties agree should remained sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| 48 | 49 | Unredacted copy of Defendants' brief in support of motion for summary judgment | Defendants assert that unredacted brief should be unsealed. Plaintiff does not object to unsealing document. | N/A | Defendants redacted from their brief discussions of documents that had been designated "Confidential" under the Protective Order because they arguably contain private personnel data about Plaintiff under the Minnesota Government Data Practices Act, Minn. Stat. § 13.43. For the reasons below, Defendants believe the documents cited in support of their motion for summary judgment should be unsealed. Consequently, their unredacted brief also should be unsealed. Moreover, Plaintiff did not |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | file a redacted brief to protect the confidentiality of the contents of documents cited therein that had been designated "Confidential," and Defendants contend she has therefore waived any objection to the unsealing of Defendants' unredacted brief. |
| 51 | | December 11, 2023 Email from Stacey Barnett | Defendants assert document should be unsealed. Plaintiff does not object to unsealing document. | N/A | Defendants contend this document should be considered public under the Minnesota Government Data Practices Act, Minn. Stat. § 13.43, because it constitutes the specific reasons for a disciplinary action or "data documenting the basis of the action" under Minn. Stat. § 13.43, subd. 2(a)(5). Moreover, Plaintiff waived any privacy interest she may have had in the contents of this document by publicly filing her brief, which discusses the contents of this document. |

| | | | | | |
|---|---|---|---|---|---|
| 51-1 | | December 12, 2023 Email from Thai Nguyen to Plaintiff | Defendants assert document should be unsealed. Plaintiff does not object to unsealing document. | N/A | Defendants contend this document should be considered public under the Minnesota Government Data Practices Act, Minn. Stat. § 13.43, because it constitutes the specific reasons for a disciplinary action or "data documenting the basis of the action" under Minn. Stat. § 13.43, subd. 2(a)(5). |
| 51-2 | | Notes from December 20. 2023 investigatory Interview of Plaintiff | Parties disagree. Plaintiff asserts entire document should remain sealed. Defendants assert it should be unsealed. | N/A | Defendants contend this document should be considered public under the Minnesota Government Data Practices Act, Minn. Stat. § 13.43, because it constitutes the specific reasons for a disciplinary action or "data documenting the basis of the action" under Minn. Stat. § 13.43, subd. 2(a)(5). |
| 51-3 | | Notes from December 18, 2023 investigatory interview of Lauren Jones | Defendants assert document should be unsealed. Plaintiff does not object to unsealing document. | N/A | Defendants contend this document should be considered public under the Minnesota Government Data |

4

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Practices Act, Minn. Stat. § 13.43, because it constitutes the specific reasons for a disciplinary action or "data documenting the basis of the action" under Minn. Stat. § 13.43, subd. 2(a)(5). |
| 51-4 | | EOT File opening form submitted on January 9, 2024 | Parties disagree. Plaintiff asserts entire document should remain sealed. Defendants assert it should be unsealed. Plaintiff understands discrimination complaints to be private data under Minn. Stat. Sec. 363A.35. | N/A | Defendants contend this document should be considered public under the Minnesota Government Data Practices Act, Minn. Stat. § 13.03, because the subject of the complaint is not alleged to be affiliated with the University and Plaintiff has filed a public lawsuit regarding her complaints of discrimination. |
| 51-5 | | EOT file opening form submitted on January 10, 2024 | Parties disagree. Plaintiff asserts entire document should remain sealed. Defendants assert only Plaintiff's date of birth, home address, and personal phone number (which are redacted) should remain sealed. Plaintiff understands discrimination complaints to | N/A | Defendants contend this document should be considered public under the Minnesota Government Data Practices Act, Minn. Stat. § 13.03, because the subject of the complaint is not alleged to be affiliated with the University and |

| | | | | | |
|---|---|---|---|---|---|
| | | | be private data under Minn. Stat. Sec. 363A.35. | | Plaintiff has filed a public lawsuit regarding her complaints of discrimination. But Plaintiff's date of birth and personal contact information is private and should remain sealed. |
| 51-6 | | Transcript of EOT's January 10, 2024 interview with Plaintiff | Parties disagree. Plaintiff asserts entire document should remain sealed. Defendants assert it should be unsealed. Plaintiff understands discrimination complaints to be private data under Minn. Stat. Sec. 363A.35. | N/A | Defendants contend this document should be considered public under the Minnesota Government Data Practices Act, Minn. Stat. § 13.03, because the subject of the complaint being investigated is not alleged to be affiliated with the University and Plaintiff has filed a public lawsuit regarding her complaints of discrimination. The information contained in the document relates to the specific reasons for a disciplinary action or "data documenting the basis of the action" under Minn. Stat. § 13.43, subd. 2(a)(5). |
| 51-7 | | Office of Institutional Compliance | Parties disagree. Plaintiff asserts entire document | N/A | Defendants contend this document contains private |

| | | | | | |
|---|---|---|---|---|---|
| | | Investigative Report submitted April 15, 2024 | should remain sealed. Defendants assert it should be unsealed. Plaintiff understands discrimination complaints to be private data under Minn. Stat. Sec. 363A.35. | | personnel data about Defendant Melinda Pettigrew under the Minnesota Government Data Practices Act, Minn. Stat. § 13.43, who waives the protection of the Minnesota Government Data Practices Act with respect to this document. Moreover, Plaintiff has filed a public lawsuit regarding her complaints of discrimination. |
| 68 | | Various documents filed by Plaintiff in opposition to Defendants' motion for summary judgment | Defendants assert this document should be unsealed. Plaintiff does not object to unsealing documents. Plaintiff only filed them under seal because Defendants designated them "Confidential" | N/A | Defendants contend that these documents should be unsealed because, although some of them arguably contain private personnel data about Plaintiff under the Minnesota Government Data Practices Act, Minn. Stat. § 13.43, Plaintiff has waived any confidentiality interest she may have had in these documents by discussing them in her publicly filed brief. Defendants further contend that these documents should be unsealed due to Plaintiff's |

| | | | | failure to comply with the Court's rules regarding filing under seal. |
|---|---|---|---|---|

| | |
|---|---|
| Dated:  6/16/2025 | LAW OFFICE OF JORDAN S. KUSHNER |
| | |
| | By: */s/Jordan S. Kushner* |
| | Jordan S. Kushner (#219307) |
| | 431 South 7th Street, Suite 2446 |
| | Minneapolis, MN 55415 |
| | (612) 288-0545 |
| | jskushner@gmail.com |
| | |
| | Attorney for Plaintiff |
| | |
| Dated:  June 16, 2025 | DOUGLAS R. PETERSON |
| | General Counsel |
| | University of Minnesota |
| | |
| | By *s/ Lisa L. Beane* |
| | Lisa L. Beane (#0395219) |
| | Senior Associate General Counsel |
| | bean0040@umn.edu |
| | Brent P. Benrud (#0262128) |
| | Senior Associate General Counsel |
| | benr0001@umn.edu |
| | 360 McNamara Alumni Center |
| | 200 Oak Street, SE |
| | Minneapolis, MN 55455-2006 |
| | 612-624-4100 |
| | |
| | Attorneys for Defendants |